# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

SUE BELL,                                        CIVIL ACTION NO. 6:13-cv-00776

             Plaintiff

VERSUS                                           JUDGE RICHARD T. HAIK, SR.

HERCULES LIFTBOAT COMPANY, L.L.C.

            Defendant,                    MAGISTRATE C. MICHAEL HILL


## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ASSESSMENT OF ATTORNEY FEES [28]


NOW INTO COURT, through undersigned counsel, comes Sue Bell who moves this Court to reconsider the award of attorney fees in the *Judgment on Defendant's Motion to Dismiss* [28] for the following good cause:

Ms. Bell has previously been found to be of limited financial resources.  See exhibit A, *Bell v. Hercules*, United States District Court, Middle District of Louisiana Number 3:11-cv-00332-JJB-SCR Document [209] rendered on 07/16/13 at page two, the assessment that Ms. Bell should not pay costs assessed by the Clerk of Court "due to her limited financial resources, Hercules' enormous financial resources, and Bell's good faith. Bell is single, suffered breast cancer in the past few years, is supported by social security disability benefits, and has acted in good faith during this litigation." Ms. Bell cannot drive into Baton Rouge anymore

because her car is not reliable to drive that far.  Ms. Bell filed her petition for damages asserting Federal causes of action pursuant to Title VII, in Western District closest to her home.

She should not be penalized because she is of limited financial means.  The award of attorney fees should be reversed.

LAW AND ARGUMENT:

The Court has wide discretion when assessing costs and attorney fees.  Pursuant to the ruling of the Middle District opinion on assessment of costs, :

> The Court may deny costs for a variety of reasons, including: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; . . . (5) the prevailing party's enormous financial resources;" and (6) the losing party's good faith. Pacheco, 448 F.3d at 794; Wade v. Peterson, 416 Fed. App'x 354, 356 (5th Cir. 2011). Good faith alone is insufficient. Pacheco, 448 F.3d at 795.

> The Court denies the taxing of costs against Bell due to her limited financial resources, Hercules' enormous financial resources, and Bell's good faith. Bell is single, suffered breast cancer in the past few years, is supported by social security disability benefits, and has acted in good faith during this litigation.

Ms. Bell did not file in Western District for some nefarious purpose, she simply could not travel back and forth to Baton Rouge in her vehicle.  She had a legitimate argument for extension of law or application of existing law in filing her federal claims, and thus, the assessment of attorney fees against her will ultimately cause her great financial hardship. Considering the enormous financial resources of Hercules, Ms. Bell's limited means and the fact that she had a legitimate argument for an extension of law, Ms. Bell requests that the Court reconsider the assessment of attorney fees in this matter.

CONCLUSION:

The Court should reconsider the assessment of attorney fees and reverse as to the assessment against Ms. Bell.

Respectfully submitted:

s/Charlotte C. McDaniel McGehee

Charlotte C. McDaniel McGehee #26411

Charlotte C. McDaniel McGehee APLC

6513 Perkins Road

Baton Rouge, LA 70808

Telephone: (225) 389-6711

Fax: (225) 372-2607

## CERTIFICATE OF SERVICE

I hereby certify that on theJuly 29, 2013 a copy of the Foregoing *Motion for Reconsideration* was sent to Defendant by electronic means and via Mail to no one.

s/ Charlotte C. McDaniel McGehee
Charlotte McDaniel McGehee (26411)

STEPHEN P. BEISER, T.A. (#14074)

McGLINCHEY STAFFORD PLLC

601 Poydras Street – 12th Floor

New Orleans, Louisiana 70130

Telephone: (504) 586-1200 Facsimile: (504) 324-0965